### SMITH v. SMITH.

Res Judicata.—When an action for possession of land has been terminated on the merits, all issues as to the title thereof as between the grantee of one party and any party to the original action, are *res judicata.*

Before Klugh, J., Pickens, October, 1898. Affirmed.

Action for possession of land by Benjamin Smith and Andrew Smith against R. F. Smith. From Circuit order granting nonsuit because issues raised are *res judicata,* plaintiffs appeal on following exceptions:

1. His Honor erred in not construing the deed from Perrin O'Dell to Robt. N. Smith, Benj. Smith, and Andrew Smith, dated the 22d day of September, 1867, and determine what estate, if any, each of the parties took in said land under said deed. 2. That his Honor should have adjudged

that Robt. N. Smith took only a life estate under said deed and the remainder in fee to Benjamin and Andrew Smith, and his Honor erred in not so doing. 3. The judgment and execution under which the land in question was sold was entered up the 22d day of October, 1861, and there was no evidence of either its payment or any part of it, nor of its non-payment, as required by law. The lien of said judgment had, therefore, expired and was of no force and effect on the 12th day of September, 1882, that being the time the commencement of the action on the judgment by Isaac Wickliffe, assignee, against Robt. N. Smith, and his Honor erred in not so holding. 4. That the new judgment of June 5th, 1883, on the old Grogan-Wickliffe judgment created a lien only on the estate owned by said R. N. Smith in the said lands at that time, and his Honor erred in not so holding. 5. That Benjamin and Andrew Smith not being parties to the new judgment of June 5th, 1883, that judgment created no lien on whatever estate or interest they may have owned in said lands, and his Honor erred in not so holding. 6. R. N. Smith having only a life estate in said land and the remainder in fee belonging to said Benjamin and Andrew Smith, and the said Robert N. Smith being alive at the time of trial of the action of J. E. Boggs *et al. v.* R. N. Smith *et al.,* and the renewal of said judgment creating only a lien on that interest that R. N. Smith may have had in said land at the time of the renewal, the rights of said Benj. Smith and Andrew Smith had not at that time accrued, could not be and were not rightfully at issue in said case of Boggs *v.* Smith, and the judgment in that case could only extend to and bind the interest of R. N. Smith, and his Honor erred in not so holding. 7. That the issues in this case and those in the Boggs *v.* Smith action not being the same, nor were they such matters as should have been at that time passed upon by the Court, nor were they necessary for a proper and final judgment of the Court settling the rights between the judgment debtors and creditors and their privies throughout this whole matter, his Honor erred in

holding that these plaintiffs are barred from prosecuting this action, and that the same is *res judicata.*

*Messrs. Morgan & Blassingame,* for appellants (no citations on point decided).

*Mr. Julius E. Boggs,* contra, cites: *On point decided:* 17 S. C., 40; 31 S. C., 579; 19 S. C., 399; 48 S. C., 319; 33 S. C., 504; 40 S. C., 190; 26 S. C., 283; 36 S. C., 581; 43 S. C., 581; 51 S. C., 343.

July 18, 1899.　The opinion of the Court was delivered by

Mr. Justice Pope.　When this action came on to be tried before Judge Klugh and a jury, as soon as plaintiffs had finished their testimony, defendant moved for a nonsuit on the ground that the doctrine of *res judicata* was fatal to plaintiff's case.　This motion was granted by the presiding Judge, and after entry of judgment thereon the plaintiffs appealed.

In the grounds of appeal some very nice questions of law are raised, but we consider that the motion of nonsuit was properly granted, because the action was *res judicata,* and, therefore, none of those questions can be said to fairly arise upon the record; for if plaintiffs are estopped by a previous adjudication of their rights, there can be no other new question to be considered.　Is the plea of *res judicata* established here?　It seems that under a judgment against one R. N. Smith, a small tract of land, which is that now in controversy, was sold and purchased by three certain parties, to wit: Hollingsworth, Boggs, Child.　That the land being in possession of R. N. Smith and the plaintiffs, an action was brought by said purchasers, Hollingsworth, Boggs, and Child, as plaintiffs, against R. N. Smith, Benjamin Smith, and Andrew Smith, as defendants, for the recovery of said lands, upon the grounds that said Hollingsworth, Boggs, and Child "have lawful title" to said lands.　The defend-

ants answered to the merits, denied plaintiffs' title under sheriff's deed, set up the deed (now relied upon) of Perrin O'Dell, dated September 2, 1867. The jury rendered this verdict: "We find for the plaintiffs the land in dispute." Judgment was entered on said verdict, and *no appeal was taken by any one or more of said defendants.* Thereafter the land was sold by Boggs—he having purchased the interest of Child and Hollingsworth therein—to the present defendant, R. F. Smith. Now Robert N. Smith having died in the year 1896, Benjamin Smith and Andrew Smith bring this suit to recover this land from the privy of Hollingsworth, Child, and Boggs. The doctrine announced by this Court in *Hart* v. *Bates,* 17 S. C., 40, which has been so repeatedly recognized in cases tried since the case cited, is that *res judicata* is a perfect defense, when (1) the parties are the same or their privies; (2) the subject matter is the same; (3) and the precise point has been ruled. From the statements we have just made it is apparent that all three conditions are answered in the case at bar. The appeal must be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.